UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| KENNETH McPEEK, <br> d/b/a McPeek Racing, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 2: 09-146-DCR |
| V. | ) <br> ) | |
| TANDY LLC, <br> d/b/a Midnight Cry Stables, | ) <br> ) <br> ) | **MEMORANDUM OPINION** <br> **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the United States' motion to consolidate [Record No. 3] and the Plaintiff's motion to remand [Record No. 4]. Having considered the parties' respective positions, the Court concludes that this action, filed in state court in the Western District of Kentucky, may not be removed to this Court under 28 U.S.C. § 1441. However, rather than remand the action to state court, this matter will be transferred to the United States District Court for the Western District of Kentucky for further proceedings in accordance with 28 U.S.C. § 1406(a).

**I.**

The named Defendant, Tandy LLC, doing business as Midnight Cry Stables, is a Kentucky limited liability company previously owned and operated by William Gallion and Shirley Cunningham. On April 3, 2009, Gallion and Cunningham were convicted of a number of criminal offenses in this Court. Following the jury's determination of guilt on the underlying

charges, a forfeiture verdict was returned. [*See United States v. William Gallion, et al.*, U. S. Dist. Ct., E. D. Ky., Northern Div. at Covington, No. 2: 07-39-S-DCR ; Record No. 820, 821 and 831.] Thereafter, the Unites States commenced forfeiture proceedings concerning Gallion's and Cummingham's assets.

The Court's initial order concerning forfeiture was entered on June 17, 2009. [*See Id.*; Record No. 856.] The Plaintiff in this action, Kenneth McPeek, doing business as McPeek Racing, asserted a claim in the above-referenced criminal proceeding concerning the assets of Tandy LLC on July 17, 2009. [*See Id.*; Record Nos. 888, 905] Gallion and Cunningham were sentenced on August 17, 2009, to terms of imprisonment of 300 months and 240 months, respectively. On August 20, 2009, the Court amended[1] its earlier preliminary judgment of forfeiture to include Tandy LLC as substitute assets in accordance with 21 U.S.C. § 853. [*See Id.*; Record No. 964.] Discovery regarding third-party claims is ongoing with a hearing on such claims currently scheduled for May 24, 2010. [*See Id.*; Record No. 1183.]

On November 9, 2007, McPeek filed a civil action in the Jefferson Circuit Court against Tandy LLC. McPeek's Complaint contains claims for breach of contract, quantum meruit, breach of implied in fact contract, and for a declaration of rights. In essence, through the state court action the Plaintiff seeks money damages and injunctive relief based on a claim that he entered into an oral contract whereby he agreed to act as a sales and/or purchasing agent for Tandy. In exchange, McPeek claims that he was to receive a 5% commission on sales of all horses which he purchased or identified for purchase on behalf of Tandy LLC. McPeek also

---

[1] The preliminary Order of Forfeiture was amended initially on July 24, 2009. [*See Id.*; Record No. 901.]

asserts that he is entitled to certain breeding rights in a number of identified stallions. [Record No. 1; attached Complaint]

The United States contends that it became the *de facto* owner of Defendant Tandy LLC's assets on August 20, 2009, by virtue of the Second Amended Preliminary Forfeiture Order. Therefore, on August 28, 2009, it filed a Notice of Removal of the civil action from the Jefferson Circuit Court to this Court pursuant to 28 U.S.C. § 1441, and a motion to consolidate the action with *United States v. William Gallion, et al.,* Crim. No. 2: 07-39-S-DCR. [Record Nos. 1 and 3] McPeek responded to the United States' actions by moving to remand this case back to the Jefferson Circuit Court. [Record No. 4]

McPeek argues that removal is improper for several reasons under 28 U.S.C. § 1446. First, he asserts that, the United States is precluded from attempting to remove the matter because the ability to remove is specifically limited to named defendants. Next, McPeek contends that removal is improper to this Court because any action removed from the Jefferson Circuit Court must be removed to the United States District Court for the Western District of Kentucky. McPeek also asserts that removal was accomplished past the thirty days deadline set out in 28 U.S.C. § 1446 and, therefore, is the United States' action is untimely. And he argues that the United States committed other procedural errors, such as failing to attach all pleadings filed in the Jefferson Circuit Court at the time it removed the action to this Court.

**II.**

Although the United States has made several compelling arguments supporting removal, it has not demonstrated that removal to *this Court* is appropriate. The statute governing removal specifically provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). It is undisputed that this statutory provision has not been met here. Therefore, the question becomes whether this Court should remand the matter back to the Jefferson Circuit Court or take other appropriate action.

There is support for transferring the action rather than remanding it to state court. In *United States v. Poulsen*, 2007 WL 1138466 (S.D. Ohio 2007), the defendant and six other individuals were charged in a 60-court indictment in the United States District Court for the Southern District of Ohio. One count alleged forfeiture and sought a money judgment of $1,900,000,000, representing the proceeds of the defendants' illegal activities. During the pendency of the criminal action, the United States filed a *lis pendens* with respect to certain property located in Port Charlotte, Florida, and owned by Poulsen and his wife. Thereafter, Poulsen filed a motion to dismiss the *lis pendens* in the federal court in Ohio and instituted a separate action in the Twentieth Judicial Circuit in Charlotte County, Florida, to dissolve the *lis pendens*. The United State then removed the Florida state court action to the United States District Court for the Southern District of Ohio where the criminal action was pending.

Poulsen moved the Ohio federal court to remand the civil matter back to the Twentieth Judicial Circuit in Florida, arguing that an action may only be removed from state court to the United States district and division encompassing the locale where the state court action was pending (*i.e.*, the United States District Court for the Middle District of Florida). Agreeing with the defendant, Judge Marbley concluded that,

> 28 U.S.C. § 1446, like any jurisdictional statute, is meant to be strictly construed. *Shamrock Oil and Gas Corp. v. Sheets*, 131 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The Government removed the Charlotte County Action to the wrong district court. To comply with the requirement of 28 U.S.C. § 1446, the Government should have removed the action to the United States District Court for the Middle District of Florida. This deformity, however, does not divest this court of jurisdiction. Courts have traditionally held that the geographic component of 28 U.S.C. § 1446(a) is a venue provision not a jurisdictional one. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997). Nonetheless, this Court **STRIKES** the Notice of Removal for removing the Charlotte Country [sic] Action to this Court which is not a forum of proper venue under 28 U.S.C. § 1441.

*Poulsen* at *18-*19. The Judge Marbley then explained the practical consequences of his action:

> The Court frowns upon the Defendant's decision to file substantially the same Motion to Dismiss the notice of lis pendens both in this Court and in Charlotte County, Florida because it is a waste of judicial resources. It further notes that pursuing a remand of the Charlotte Country [sic] Action after this Court has already ruled is a waste of judicial resources. Nonetheless, given that the law dictates that this Court strike the Government's Notice of Removal, this Court hereby **REMANDS** the Charlotte County Action back to the Twentieth Judicial Circuit in and for Charlotte County, Florida. If the Government wishes this Court to extend its ruling on the instant Motion to Dismiss this action to Defendant Poulen's Emergency Petition To Dissolve Notice of Lis Pendens in the Charlotte County Action, it must properly remove the Charlotte County Action to the United States District Court for the Middle District of Florida and then seek a change of venue.

*Id.* at *19-*20. While the court in *Poulsen* remanded the action to state court, it clearly recognized that it was not required to do so for jurisdictional reasons.

The United States District Court for the Northern District of California reached a similar conclusion in *Setterland v. Patel*, 2006 U.S. Dist. LEXIS 15067 (N.D. Calif. Feb. 14, 2007). However, the court exercised its discretion to transfer the action to the correct district rather than remand the case to state court. In *Setterland*, Defendant Ela Patel was involved in an automobile accident in Hawaii. The plaintiff, a resident of California, filed suit in state court in Hawaii. Asserting diversity jurisdiction, Patel then removed the action to the federal court for the Northern District of California. Citing the explicit language of 28 U.S.C. § 1441(a), the federal court found that removal was improper. However, the court noted that this defect was procedural, not jurisdictional. Thus, the court decided to "rectify the defective venue under 28 U.S.C. § 1406(a)." *Id.* at *4.

> Undoubtedly, defendant removed the instant action to the wrong district. The complaint was filed in Hawaii, but somehow defendant skipped the Pacific Ocean and . . . dropped the matter in the Northern District of California. . . . Nevertheless, although [removal] is improper, this order still may rectify the defective venue under 28 U.S.C. 1406(a). This section provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) thus provides a mechanism for courts to cure errors in venue.

*Id.*

Here, the undersigned has concluded that justice is better served by transferring this matter to the United States District Court for the Western District of Kentucky rather than remanding the action to the Jefferson Circuit Court. Such a transfer will allow the receiving federal court to determine if the United States is a proper party and, therefore, if it is able to remove the action. Likewise, the receiving court will be able to determine if the United States'

action was timely. If the United States ultimately prevails on these issues, the federal court for the Western District of Kentucky can then determine whether the matter should be transferred back to this Court for further proceedings.[2] As in *Poulsen*, this Court's action ultimately may appear to be a waste of judicial resources. However, it would appear to be a better option than simply remanding the matter to state court, only to have the case again removed by the United States.

**III.**

Having considered the parties' arguments regarding consolidation and remand, the Court concludes that this action was improperly removed to the Eastern District of Kentucky under 28 U.S.C. 1441. However, in the interest of justice, the matter will be transferred to the United States District Court for the Western District of Kentucky, Louisville Division for further proceedings. Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' Motion to Consolidate is **DENIED** as moot;

2. Plaintiff Kenneth McPeek's Motion to Remand is **DENIED**, without prejudice to being renewed following transfer;

---

[2] Remand to the Jefferson Circuit Court would not allow federal review of the additional issues raised by the parties and identified above. However, it would likely result in a second removal to the United States District Court for the Western District of Kentucky with an additional complicating factor regarding the time which has passed since the matter was initially removed on August 28, 2009. *See* 28 U.S.C. § 1446(b).

3.  In accordance with 28 U.S.C. § 1406, this action is **TRANSFERRED** to the United States District Court for the Western District of Kentucky at Louisville for further proceedings; and

4.  The Clerk of the Court is **DIRECTED** to transfer this matter in accordance with the Court's instructions set out above.

This 25th day of January, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge